PER CURIAM.
The issue in this case is whether the testimony of the forensic accountant concerning plaintiffs loss of future earning ability was so based on speculation, conjecture, and incorrect assumptions that a new trial should have been ordered by the trial court. The expert’s figures, not finalized until shortly before her testimony and calculated without discussing them with plaintiff or reading his deposition, assumed *886 incorrectly that plaintiff, an hourly rate employee, received the private use of a company car, sick leave, and paid vacations. She further based her testimony on the costs of benefits, including the cost of worker’s compensation protection, cost of uniforms, and cost for the work-related use of a vehicle paid by the employer. Obviously, if plaintiff is being compensated for the rest of his work life for the income he would have received had he worked full time, then the future use of a uniform, which he would no longer have to wear, the future use of a work-related vehicle, which he would no longer have to drive, or the cost of unemployment protection, when he is no longer concerned with being unemployed, is immaterial.
Because we agree that the expert’s testimony was based on speculation, conjecture, and incorrect assumptions, we reverse for a new trial on the issue of lost earning ability.
REVERSED AND REMANDED.